**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF NORTH CAROLINA**
**STATESVILLE DIVISION**
**CIVIL CASE NO. 5:20-cv-00035-MR**

| | |
|---|---|
| **STEVEN L. GREER,** ) | |
| ) | |
| **Petitioner,** ) | |
| ) | |
| **vs.** ) | **MEMORANDUM OF** |
| ) | **DECISION AND ORDER** |
| **WATAUGA COUNTY SUPERIOR** ) | |
| **COURT,** ) | |
| ) | |
| **Respondent.** ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Petitioner's § 2254 Petition

for Writ of Habeas Corpus [Doc. 1].

## I.    BACKGROUND

The Petitioner is a pretrial detainee being held in Watauga County,

North Carolina on a $750,000 bond.  [Doc. 1 at 4].  The Petitioner claims that

he filed a motion to reduce his bond in Watauga County Superior Court.  [Id.]

On November 6, 2019, the Watauga County Superior Court denied the

Petitioner's motion after holding a hearing.  [Id.].

On March 16, 2020, the Petitioner filed the present § 2254 Petition for

Writ of Habeas Corpus.  [Doc. 1].  The Petitioner asks the Court to order the

Watauga County Superior Court to reduce his bond to $200,000.  [Id. at 3].

## II.    DISCUSSION

While the Petitioner casts his claim as arising under 28 U.S.C. § 2254, the sole basis for federal habeas jurisdiction under 28 U.S.C. § 2254 is that the petitioner be "'in custody' pursuant to the conviction or sentence being challenged." Hadley v. Holmes, 341 F.3d 661, 664 (7th Cir. 2003) (quoting Maleng v. Cook, 490 U.S. 488, 490-91 (1989). Because the Petitioner is not in custody pursuant to a conviction or a sentence, he cannot bring a habeas petition under § 2254.

Under 28 U.S.C. § 2241, however, federal district courts are granted authority to consider an application for a writ of habeas corpus filed by a petitioner claiming to be held "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3). Pretrial petitions for habeas corpus are properly brought under 28 U.S.C. § 2241 because it "'applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him.'" United States v. Tootle, 65 F.3d 381, 383 (4th Cir. 1995) (quoting Dickerson v. Louisiana, 816 F.2d 220, 224 (5th Cir. 1987)). As such, the Court will review the Petitioner's habeas petition under § 2241.

The Eighth Amendment states "[e]xcessive bail shall not be required, nor excessive fines imposed, nor cruel and unusual punishments inflicted."

2

U.S. Const. amend. VIII. The Eighth Amendment protection against excessive bail may only be vindicated prior to trial, and therefore may be raised in a pretrial habeas petition. Atkins v. Michigan, 644 F.2d 543, 549 (6th Cir. 1981); Stack v. Boyle, 342 U.S. 1 (1951).

While federal courts have the power to hear pretrial habeas petitions regarding bail, "prudential concerns, such as comity and the orderly administration of criminal justice, may require a federal court to forgo the exercise of its habeas corpus power." Munaf v. Geren, 553 U.S. 674, 693 (2008) (citation and internal quotation marks omitted). Out of respect for those concerns, a federal court should not interfere with state criminal proceedings "except in the most narrow and extraordinary of circumstances." Gilliam v. Foster, 75 F.3d 881, 903 (4th Cir. 1996) (citing Younger v. Harris, 401 U.S. 37 (1971)). Under what is known as the Younger abstention doctrine, courts of equity should not act if "the moving party has an adequate remedy at law and will not suffer irreparable injury if denied equitable relief." 401 U.S. at 43–44 (citation omitted). The Fourth Circuit has stated that Younger abstention is appropriate where "(1) there are ongoing state judicial proceedings; (2) the proceedings implicate important state interests; and (3) there is an adequate opportunity to raise federal claims in the state proceedings." Martin Marietta Corp. v. Maryland Comm'n on Hum. Rels., 38

F.3d 1392, 1396 (4th Cir. 1994) (citing Middlesex Cnty. Ethics Comm'n v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982)).

Under the first prong, the Petitioner attests that he is being detained pending trial on state criminal charges. As such, the Petitioner is involved in an ongoing state criminal proceeding here.

Under the second prong, the Supreme Court has stated that "the States' interest in administering their criminal justice systems free from federal interference is one of the most powerful of the considerations that should influence a court considering equitable types of relief." Kelly v. Robinson, 479 U.S. 36, 49 (1986) (citation omitted).[1] Accordingly, the criminal proceedings here implicate important state interests

Under the third prong, the scheme for federal habeas review is designed "to give the State an initial opportunity to pass upon and correct alleged violations of its prisoners' federal rights." Picard v. Connor, 404 U.S. 270, 275 (1971) (internal quotation marks and citation omitted). A petitioner must exhaust his available state remedies before he may pursue habeas relief in federal court. 28 U.S.C. § 2254(b), (c). "A habeas petitioner satisfies the exhaustion requirement by 'fairly present[ing] his claim in each

---

[1] The Fourth Circuit has stated that "the fixing of bail 'is peculiarly a matter of discretion with the trial court.'" United States v. Mitchell, 733 F.2d 327, 331 (4th Cir. 1984) (quoting United States v. Wright, 483 F.2d 1068, 1069 (4th Cir. 1973)).

4

appropriate state court . . . thereby alerting that court to the federal nature of the claim.'" Robinson v. Thomas, 855 F.3d 278, 283 (4th Cir. 2017) (quoting Baldwin v. Reese, 541 U.S. 27, 29 (2004)). The petitioner bears the burden of proving exhaustion. See Breard v. Pruett, 134 F.3d 615, 619 (4th Cir. 1998). Here, the Petitioner does not present any allegations to show that he has fully presented his claim to the North Carolina courts. The Petitioner does not allege that he has filed a petition for a writ of habeas corpus in Superior Court or that he he has petitioned the North Carolina Court of Appeals for review. See N.C. Gen. Stat. § 15A-547 (preserving right to petition state court for a writ of habeas corpus); In re Reddy, 16 N.C. App. 520, 192 S.E.2d 621 (1972) (allowing a petition for a writ of habeas corpus requesting a bail reduction). Because the Petitioner has an adequate opportunity to raise his federal claim in the state courts, he has an adequate remedy at law. See Younger, 401 U.S. at 43-44.[2] Accordingly, Younger abstention is appropriate here.

For these reasons, the Court concludes that the Petitioner cannot obtain federal habeas relief. Accordingly, the Petitioner's Petition for Writ of Habeas Corpus [Doc. 1] will be dismissed without prejudice.

---

[2] For the same reasons, it appears that the Petitioner has failed to exhaust his available state remedies before filing his § 2241 Petition.

Pursuant to Rule 11(a) of the Rules Governing § 2254 Cases, this Court declines to issue a certificate of appealability. <u>See</u> 28 U.S.C. § 2253(c)(2); <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 338 (2003) (in order to satisfy § 2253(c), a petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong); <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000) (when relief is denied on procedural grounds, a petitioner must establish both that the dispositive procedural ruling is debatable and that the petition states a debatable claim of the denial of a constitutional right).

## <u>O R D E R</u>

**IT IS, THEREFORE, ORDERED** that the Petitioner's Petition for Writ of Habeas Corpus [Doc. 1] is **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, this Court declines to issue a certificate of appealability.

**IT IS SO ORDERED**.

Signed: November 30, 2020

Martin Reidinger
Chief United States District Judge